

# SUPREME COURT OF ARKANSAS

**No.** CV-12-1043

| | |
|---|---|
| LEGALZOOM.COM, INC.<br>APPELLANT | **Opinion Delivered** October 3, 2013 |
| V. | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. CV-2012-35] |
| JONATHAN McILLWAIN<br>APPELLEE | HONORABLE DENNIS C. SUTTERFIELD, JUDGE |
| | <u>REVERSED AND REMANDED</u>. |

**JOSEPHINE LINKER HART, Associate Justice**

LegalZoom.com, Inc., appeals from an order of the Pope County Circuit Court denying its motion to compel arbitration. On appeal, appellant makes two arguments: (1) that the circuit court erred because Arkansas law does not prohibit the enforcement of arbitration agreements requiring resolution through arbitration of private claims when a dispute concerns allegations of the unauthorized practice of law, and (2) any rule prohibiting arbitration of unauthorized-practice-of-law claims would be preempted by the Federal Arbitration Act (FAA). We reverse and remand.

Our jurisdiction is pursuant to Arkansas Rule of Appellate Procedure--Civ. 2(a)(12), which provides that a circuit court order denying arbitration is immediately appealable. We review a circuit court's order denying a motion to compel arbitration de novo on the record. *HPD, LLC v. TETRA Techs., Inc.*, 2012 Ark. 408, ___ S.W.3d ____.

SLIP OPINION

LegalZoom.com, Inc., a Delaware corporation, with its headquarters located in Glendale, California, is an Internet-based company. It offers customers, via its website, access to its Internet-based software that allows them to create legal documents that include a last will and testament as was done by McIllwain in this case. It advertises nationwide as a low-cost alternative to hiring a lawyer.

From his home in Russellville, McIllwain visited the LegalZoom.com web site for the purpose of obtaining a Last Will and Testament. He completed an on-line questionnaire, agreed to LegalZoom.com's terms of service, and paid the requisite fee of $98.95. Included in LegalZoom.com's terms of service is a requirement that "all disputes and claims . . . rising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory," be resolved by binding arbitration. The agreement further provided that the FAA governed the interpretation and enforcement of the provisions, and that "arbitration under these terms will take place on an individual basis, class arbitration and class actions are not permitted." LegalZoom.com provided McIllwain with a custom-made document in the form of a Last Will and Testament.

On January 25, 2012, McIllwain filed a class-action lawsuit. He alleged that LegalZoom.com's document preparation was engaging in the unauthorized practice of law in Arkansas. In so doing, he asserted that LegalZoom.com violated the Arkansas Deceptive Trade Practices Act, codified at Arkansas Code Annotated sectionS 4-88-101 et seq. (Repl. 2011), and was unjustly enriched by charging clients for "per se illegal conduct." McIllwain

SLIP OPINION

sought reimbursement of the fees he had paid LegalZoom.com, punitive damages, and attorney's fees, as well as an injunction prohibiting LegalZoom.com from continuing to do business in Arkansas.

LegalZoom.com responded with a motion to compel arbitration. Citing the FAA, 9 U.S.C. §§ 1 et seq., and *AT&T Mobility LLC v. Concepcion*, ___ U.S. ___, 131 S. Ct. 1740 (2011), it asserted that because the transaction involved interstate commerce and McIllwain had agreed to arbitration when he accepted the terms of service, his claims must be arbitrated by the American Arbitration Association. McIllwain opposed the motion by challenging the validity of the arbitration agreement. Citing *Tyson Foods, Inc. v. Archer*, 356 Ark. 136, 147 S.W.3d 681 (2004), he asserted that the Arkansas rules of contract construction are applicable to determining the validity of the arbitration provision. Further, he contended that because the agreement to arbitrate was not valid due to lack of mutuality of obligation, the agreement to arbitrate was invalid and thus the FAA would not apply. Further, McIllwain argued that the arbitration agreement was unconscionable because LegalZoom.com advertised and performed services normally provided by attorneys and that it was engaging in the practice of law without benefit of a license. McIllwain asserted that LegalZoom.com's terms of service violated the Arkansas Rules of Professional Conduct and breached its duty of good faith by blatantly attempting to limit its liability for the legal services provided in the contract, and thus place its interest—as an attorney—ahead of its client. As a result, he contended that, due to the unconscionability of the agreement, the arbitration provision was unenforceable under the FAA.

At the hearing on LegalZoom.com's motion, McIllwain relied heavily on *NISHA, LLC v. TriBuilt Construction Group, LLC.*, 2012 Ark. 130, 388 S.W.3d 444, for the proposition that "under Arkansas law only the courts of this state can hear a question of what constitutes the unauthorized practice of law." Based on this holding, he asserted that "an arbitration clause that attempts to take that question out of the courts of this state is unconscionable." While conceding that the Supreme Court of the United States has held that one cannot use the illegality of a contract to "bootstrap" an argument that the whole contract—arbitration clause included—was outside the purview of the FAA, McIllwain nonetheless asserted that an arbitration clause "which attempts to take [the question of what constitutes the unauthorized practice of law], regardless of outcome, out of the purview of the courts in this state has to be unconscionable because the results are absurd." He claimed that this arbitration clause attempts to usurp the regulatory authority of the Arkansas Supreme Court's Committee on the Unauthorized Practice of Law.

McIllwain essentially conceded that the arbitration clause was far from one-sided—he asserted that LegalZoom.com had attempted to create an arbitration clause that was "eminently fair." However, he ascribed the fairness of the arbitration clause to a desire by LegalZoom.com to be able to deal with state court challenges because its business was the unauthorized practice of law. Thus, he maintains that the arbitration agreement is unenforceable because it was unconscionable under state law as only the courts had jurisdiction to oversee claims about the unauthorized practice of law, and further, the FAA does not contain a clear, manifest purpose to displace the court's historical police power to

4

regulate attorneys within its borders.

After the hearing, the trial court denied LegalZoom.com's motion to compel arbitration. The written order expressly referenced the trial court's oral findings, which were as follows:

> I'm going to deny the motion to compel arbitration. My reason for doing so is based upon the allegations concerning the unauthorized practice of law. I don't think that you can have a contract that prohibits the state court from addressing that inquiry. And I agree with the argument that that's the exclusive jurisdiction of the state courts to determine whether or not something constitutes unauthorized practice of law.
>
> It's unique to the judicial system. It's inherently unique to it. And so I would find it's unconscionable for that reason. And I think there's even, you know, federal law [that] gives respect to the state courts as having their own exclusive jurisdiction that shows deference to the state courts in allowing them to operate. And so that would be the basis of my decision. It's a unique case. It is case of first impression and it's well argued, but that's my conclusion on the matter.

On appeal, LegalZoom.com argues that the circuit court erred because Arkansas law does not prohibit the enforcement of an arbitration agreement when a dispute concerns allegations of the unauthorized practice of law. It discounts the rationale that McIllwain offered to the trial court because, not being a law firm, it was not bound by the Arkansas Rules of Professional Conduct. Further, LegalZoom.com asserts that the instant action only involves a private claim brought by McIllwain himself as a LegalZoom.com customer, and in no way affects the other ways that the State of Arkansas could address LegalZoom.com's alleged unauthorized practice of law, or limits the state's regulatory authority. Further, citing *Marmet Health Care Center, Inc. v. Brown*,— U.S. —, 132 S. Ct. 1201 (2012), it contends that any state-law rule prohibiting arbitration of a particular type of claim is

SLIP OPINION

contrary to the terms and coverage of the FAA. Accordingly, even if Arkansas law specifically prohibited the arbitration of McIllwain's claim, it would be preempted by the FAA.

LegalZoom.com acknowledges that the FAA expressly provides for invalidation of an arbitration agreement "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. However, it cites *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006), for the proposition that contract defenses must go to the arbitration agreement itself, not merely to the validity of the contract that contains the clause. Thus, the question of whether it engaged in the unauthorized practice of law must be submitted to the arbitrator. LegalZoom.com asserts that these provisions were reaffirmed in *Nitro-Lift Technologies, LLC v. Howard*, ___ U.S. ___, 133 S. Ct. 500 (2012). The merit of LegalZoom.com's argument rests on clear precedent from the Supreme Court of the United States. *See id.*; *Cartegna, supra.*

We note first that the cornerstone of the circuit court's ruling is its conclusion that because McIllwain's complaint alleged that LegalZoom.com was involved in the unauthorized practice of law, the whole contract was "unconscionable." While "unconscionability" is not precisely defined in the law, one of the earliest applications of the doctrine described an unconscionable contract as one that "no man in his senses and not under delusion would make on the one hand, and . . . no honest and fair man would accept on the other." James J. White & Robert S. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 4-1 (3d ed. 1988) (quoting *Earl of Chesterfield v. Janssen* (1750)

6

28 Eng. Rep. 82, 100 (K.B.). In essence, to be unconscionable, a contract must oppress one party and actuate the sharp practices of the other.

In White & Summers, the concept of unconscionability is analyzed in terms of "procedural unconscionability" and "substantive unconscionability." Procedural unconscionability encompasses contracts where there is an absence of meaningful choice on the part of one of the parties together with contract terms that are unreasonably favorable to the other party. *Id*. § 4-3. Substantive unconscionability generally involves excessive price or restriction of remedies. *Id*. §§ 4-4 – 4-6. Accordingly, even assuming that the subject of the contract that McIllwain concluded with LegalZoom.com involved the unauthorized practice of law, which LegalZoom.com has not conceded and the issue has yet to be decided, the actual question presented is whether the arbitration agreement is "unconscionable."

We note as well that the circuit court looked to the entire contract—particularly its subject matter—to deny LegalZoom.com's motion to compel arbitration. However, in *The Money Place, LLC v. Barnes*, 349 Ark. 411, 78 S.W.3d 714 (2002), we stated unequivocally that the threshold issue is whether there is a valid arbitration clause to enforce. The Supreme Court has acknowledged that whether the arbitration clause itself is unenforceable based on a generally applicable contract defense, such as unconscionability, is a decision for the court (not the arbitrator) to make, and in doing so, it must apply state contract law. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967). However, because it is apparent that the circuit court looked to the overall allegation concerning the

unauthorized practice of law and not to any specific aspect of how it affected the arbitration clause, the circuit court's ruling is clearly contrary to the Supreme Court's holding in *Cardegna*, *supra*.

In *Cardegna,* a class of borrowers brought suit against a lender who they claimed charged usurious interest disguised as check-cashing fees, in violation of Florida statutory law. 546 U.S. at 443. The borrowers asserted that the arbitration clause was invalid because their contracts with the lender were invalid due to illegality. *Id.* However, the Supreme Court held that the contract defenses must be directed to the arbitration clause, not the subject matter of the overall contract. 546 U.S. at 444. Whether the conduct that was the subject of the contract violated state law was a question reserved for the arbitrator. *Id.* In *Nitro-Lift*, *supra*, the Supreme Court reaffirmed its holding in *Cardegna*. In a per curium opinion, the Supreme Court vacated an Oklahoma Supreme Court opinion, stating that the Oklahoma high court had "ignored the basic tenet of the [FAA's] substantive arbitration law . . . [that] attacks on the validity of the contract, as distinct from attacks on the arbitration clause itself, are to be resolved by the arbitrator in the first instance, not by a federal or state court." *Id.* at 501, 503 (citations omitted). Accordingly, the allegation that LegalZoom.com engaged in the unauthorized practice of law in Arkansas did not directly affect the validity of the arbitration clause and, consequently, did not invalidate the arbitration clause.

As we stated in *TETRA Technologies, Inc.*, *supra*, when a court is asked to compel arbitration, it is limited to deciding two threshold questions: 1) Is there a valid agreement to arbitrate between the parties? and 2) If such an agreement exists, does the dispute fall

SLIP OPINION

within its scope? *Id*. We further noted that we are bound by the federal policy that favors arbitration. *Id*. (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991)).

Likewise, to the extent that the circuit court based its decision on its conclusion that determining whether LegalZoom.com engaged in the unauthorized practice of law was a unique type of claim that was not susceptible to arbitration, that rationale was also rejected by the Supreme Court. It stated in *Concepcion*, *supra*, "When State law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the Federal Arbitration Act." 131 S. Ct. at 1747. As the *Concepcion* Court further noted, "[N]othing in the FAA suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives." *Id*. at 1748.

While we confess that it is tempting to say that our authority to regulate the practice of law, granted to us by the Arkansas Constitution, empowers us to reserve questions regarding the unauthorized practice of law for the courts of this state over which we have superintending authority, we are chastened by the awareness of our duty to defer to the Supreme Court of the United States on matters of federal statutory interpretation. As we noted in *Perroni v. State*, 358 Ark. 17, 28, 186 S.W.3d 206, 213 (2004),

> The Supremacy Clause, found in Article 6 of the Constitution, provides that the Constitution, and the laws of the United States which shall be made in pursuance thereof ... shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding.

SLIP OPINION

While most of the Supreme Court's jurisprudence regarding the FAA is relatively new, our duty to defer to federal law was decided nearly two centuries ago in *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1 (1824).

We further note that the arbitration clause is not unconscionable because it failed to satisfy certain provisions in the Arkansas Rules of Professional Conduct that apply to practicing attorneys. The arbitration clause does not usurp the regulatory authority of our Committee on the Unauthorized Practice of Law. In *Campbell v. Asbury Automotive, Inc.*, 2011 Ark. 157, 381 S.W.3d 21, we held that maintaining a cause of action under the Arkansas Deceptive Trade Practices Act, which is the primary basis for McIllwain's complaint, did not offend our constitutional authority to regulate the practice of law when it involved nonlawyers. The situation in *Campbell* is precisely the situation before us—there is not even an assertion in McIllwain's pleadings that LegalZoom.com was a lawyer. In fact, to the extent that any information was placed before the circuit court regarding this question, LegalZoom.com's trial counsel asserted that McIllwain's will document was generated by a computer program. Moreover, the Supreme Court has held that when parties agree to arbitrate all questions arising under a contract covered by the FAA, the FAA supersedes state law "whether judicial or administrative" that seeks to lodge primary jurisdiction in another forum. *Preston v. Ferrer*, 552 U.S. 346 (2008).

Having reversed and remanded this case for the reasons stated above, we find it

SLIP OPINION

unnecessary to address that balance of LegalZoom.com's arguments as they were not the basis of the trial court's ruling. Accordingly, we reverse and remand to the circuit court to enter an order granting LegalZoom.com's motion to compel arbitration.

Given that the circumstances of this case involve allegations of the unauthorized practice of law, we hereby direct the Clerk to forward a copy of this opinion to the Arkansas Supreme Court Committee on the Unauthorized Practice of Law.

Reversed and remanded.

HANNAH, C.J., and CORBIN, J., dissent.

**JIM HANNAH, Chief Justice, dissenting.** I respectfully dissent. The circuit court judge correctly denied the motion to compel arbitration, "based upon the allegations concerning the unauthorized practice of law," finding that these allegations restricted the issue to the judicial branch of government. This finding is supported by the Arkansas Constitution and several hundred years of the common law. Regulation of the lower courts and jurisdiction over the practice of law lie with the court of last resort, in this case the Arkansas Supreme Court.

The majority relies on *AT&T Mobility LLC v. Concepcion*, ___ U.S. ___, 131 S. Ct. 1740 (2011) for the proposition that this court may not rely upon its exclusive jurisdiction over the practice of law, quoting *Concepcion* as follows: "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting

rule is displaced by the FAA." *Id*. at _____, 131 S. Ct. at 1747. The majority errs. Arkansas law does not prohibit outright the arbitration of a particular type of claim. It is not the claim that is precluded from arbitration. The analysis does not reach that far. Had LegalZoom's conduct come to the attention of this court, this court would have been bound to act on its own regardless of whether there was a contract or whether any person had filed a complaint. Whether the contract mentioned in the underlying case contains only one, or even a dozen arbitration clauses, is irrelevant to the issue presented because the contract is wholly irrelevant to the question of whether LegalZoom has engaged in the unauthorized practice of law. Nothing in the circuit court's decision violated the FAA, and nothing in the FAA preempts the courts from carrying out their duties to regulate the practice of law.

CORBIN, J., joins.

*Rose Law Firm, a Professional Association*, by: *Richard T. Donovan* and *Amanda K. Wofford*, for appellant.

*The Streett Law Firm, P.A.*, by: *Alex G. Streett* and *James A. Streett*; and

*Price Waicukauski & Riley, LLC*, by: *William N. Riley* and *Joseph N. Williams*, pro hac vice, for appellee.