Courtney Hudson Goodson, Justice, concurs. hi agree that, pursuant to our decision in Bank of the Ozarks, 2014 Ark. 223, 434 S.W.3d 357, this case must be remanded to the circuit court for lack of a ruling on a threshold issue, but I write separately to underscore my concerns regarding our dramatic shift in legal precedence as a result of that case, and the regrettable position in which we have now placed the bench and the bar when handling arbitration claims. In Bank of the Ozarks, this court held that a circuit court was required to make express findings on the existence of a valid arbitration agreement as a threshold issue, before reaching any equitable defenses presented by the parties. This court has refused to recognize this pronouncement as a marked shift in the law, when it does, in fact, add a new requirement, and thus a burden on the bench and bar. Bank of the Ozarks represents a clear departure from our traditional., appellate rules governing contract cases, where we have never required a circuit court to rule on the existence of a contract before addressing any equitable defenses raised by the parties. See, e.g., K.C. Props. of Nw. Ark., Inc. v. Lowell Inv. Partners, LLC, 373 Ark. 14, 280 S.W.3d 1 (2008) (addressing merits of appeal where the circuit court did not address the threshold issue of the existence of a valid contract, but instead ruled on the defense of waiver of damages). Additionally, in applying the Bank of the Ozarks rule, the cases following that decision have further muddled the legal landscape of what is required of a circuit court in addressing a motion to compel arbitration. In Asset Acceptance, LLC v. Newby, 2014 Ark. 280, 437 S.W.3d 119, we held that a blanket denial can serve as an implicit ruling on all threshold tissues, and in Alltel Corp. v. Rosenow, 2014 Ark. 375, we held that the court was not required to rule on all threshold issues if it ruled on one. Thus, the principles that arise from those three cases are that if the circuit court gives no justification at all for its ruling, that is sufficient; or, if it rules on only one threshold issue but not all, that will suffice. But if the circuit court reaches the right result on a defense but does not expressly address contract formation, we will reverse and remand the circuit court’s decision. This rubric defies logic and will only continue to grow more nonsensical as this court struggles to apply the new Bank of the Ozarks rule in future cases. At a time when this court has a goal of streamlining our rules for the benefit of practitioners and our circuit courts, Bank of the Ozarks moves in the wrong direction by adding another layer of complexity to an already complicated area of the law. While I am constrained • to follow precedent, I feel compelled to point out that the course we have embarked on is unwise. Baker and Hoofman, JJ., join.