MIKE MURPHY, Judge
Appellants Larry Crain, Sr., and Crain Automotive Holdings, LLC,[1] appeal from an order of the Pulaski County Circuit Court denying their motion to compel arbitration. On appeal, appellants argue that the circuit court erred by denying their motion to compel arbitration because certain operating agreements of the involved dealerships provide for arbitration. They also assert that they did not waive arbitration. We affirm.
Appellee Christopher Byrd had been employed as chief financial officer of Crain Automotive Holdings for many years until his employment ceased on October 26, 2017. On November 13, appellee and appellants entered into an "Employer/Employee Mutual Release Agreement" (Mutual Release Agreement). By the terms of the agreement, appellants agreed to purchase appellee's membership interest in the dealerships Crain Imports of Fayetteville, Crain K of Conway, and Crain Buick GMC of Springdale. Per the Mutual Release Agreement, the purchase price of appellee's interest is the value of his capital accounts in the dealerships determined as of December 31, 2017. "Capital accounts" are also addressed in the individual operating agreements of the above-named dealerships.
On February 7, 2018, appellee filed suit for fraud and breach of contract based on the Mutual Release Agreement. The complaint was sparse with details because the terms of the Mutual Release Agreement were confidential, but at the motion hearing, testimony revealed that appellee claimed that appellants fraudulently caused inventory of the dealerships to be liquidated and that they handled and accounted for a Volkswagen settlement incorrectly, *767 adversely affecting the value of appellee's capital accounts. Appellants answered and denied the claims, filed a motion to dismiss, and counterclaimed for attorney fees and costs in defending the claims.
On June 8, appellants filed a motion to compel arbitration and for a stay of the case pending arbitration. The motion asserted that appellee's claims arise from, and are related to, the operating agreements of the above-named dealerships and that the claims are subject to the arbitration provision in the operating agreements. Appellee objected, asserting that his claims are based on the Mutual Release Agreement, which does not contain an arbitration provision.
On October 5, the circuit court conducted a motion hearing. After hearing arguments from both sides, it found that there was no valid agreement to arbitrate between the parties, and it denied the motion to compel arbitration. In reaching its decision, the court noted,
The Release Agreement does not reference or incorporate the operating agreement by way of an integration clause; the Release Agreement does not itself contain an arbitration clause; and the Agreement expressly contemplates litigation ("legal proceeding") whereby there is a designation of forum, waiver of jury trial, enforceable by injunctive relief and the prevailing party would be entitled to costs and fees.
This appeal followed.
Our jurisdiction is pursuant to Arkansas Rule of Appellate Procedure-Civil 2(a)(12), which provides that a circuit court order denying arbitration is immediately appealable. We review a circuit court's order denying a motion to compel arbitration de novo on the record. Asset Acceptance, LLC v. Newby , 2014 Ark. 280, at 5, 437 S.W.3d 119, 122. We decide the issues on appeal using the record developed in the circuit court without deference to the circuit court's ruling. Madison Cos., LLC v. Williams , 2016 Ark. App. 610, at 5, 508 S.W.3d 901, 905. We are not bound by the circuit court's decision, but in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal. Id. Further, we recognize that arbitration is strongly favored in Arkansas. Id.
On appeal, appellants contend that appellee's claims should be arbitrated based on the arbitration provision in the operating agreements. Appellants concede that the Mutual Release Agreement gives appellee a right to be paid the value of his capital accounts; but the value of those capital accounts is disputed. Appellants assert that the term "capital account" as used in the Mutual Release Agreement is vague and that the only way to explain this term is through admitting parol evidence of the operating agreements, which call for a dispute like this to be arbitrated.
When a court is asked to compel arbitration, it is limited to deciding two threshold questions: (1) Is there a valid agreement to arbitrate between the parties? and (2) If such an agreement exists, does the dispute fall within its scope? LegalZoom.com, Inc. v. McIllwain , 2013 Ark. 370, 429 S.W.3d 261. Our supreme court has held that arbitration is simply a matter of contract between parties. Courtyard Gardens Health & Rehab., LLC v. Quarles , 2013 Ark. 228, at 6, 428 S.W.3d 437, 442. Whether a dispute should be submitted to arbitration is a matter of contract construction, and we look to the language of the contract that contains the agreement to arbitrate and apply state-law principles. Id. We have further held that the same rules of construction and interpretation apply to arbitration agreements *768 as apply to agreements generally; thus, we will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. Id.
Here, there is an arbitration provision, but it is in the operating agreements, which are earlier, separate documents from the Mutual Release Agreement. There is no arbitration provision in the actual contract that appellee is suing on nor is there a reference to the operating agreements in the Mutual Release Agreement. Appellants drafted the Mutual Release Agreement and could have included an arbitration provision much like the one drafted in the operating agreements. Because we construe contracts against the drafter in the event of uncertainty or ambiguity, see Hickory Heights Health & Rehab, LLC v. Cook , 2018 Ark. App. 409, at 5, 557 S.W.3d 286, 290, we hold that there is not a valid agreement to arbitrate between the parties.
Moreover, appellants' argument that we must look to the operating agreements to determine the value of the capital accounts is unpersuasive because they have failed to cite any authority explaining how the arbitration provision in the operating agreements can satisfy the missing arbitration provision in the Mutual Release Agreement when the operating agreements were not incorporated into the Mutual Release Agreement. Our appellate courts will not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. Lakeside Nursing & Rehab. Ctr., Inc. v. Rufkahr , 2019 Ark. App. 142, at 7-8, 572 S.W.3d 461.
Lastly, appellants' argument that the Mutual Release Agreement's language is consistent with arbitration is unavailing. The pertinent provisions follow:
10. Employee represents that he has not filed or permitted to be filed against the Employer any lawsuits ... except as may be necessary to enforce this Agreement or to obtain benefits described in or granted under this Agreement.
12. This Agreement shall be construed under and in accordance with the laws of the State of Arkansas. Employee and Employer agree to waive their right to a trial by jury with respect to any claim arising hereunder or related hereto. Should any party initiate any legal or quasi-legal proceeding relating to this Agreement, the prevailing party of such proceeding shall be entitled to recover from the other the costs and fees expended therein. This Agreement may be enforced by injunctive relief.
The Mutual Release Agreement contemplates litigation as evidenced by the plain language of the provisions. Accordingly, the circuit court did not err.
Because we affirm the circuit court's order finding that the claims are not subject to arbitration, we need not address appellants' argument that arbitration was not waived.
Affirmed.
Virden and Brown, JJ., agree.

Crain is the majority owner of Crain Automotive Holdings and serves as its chief executive officer.