Cite as 2016 Ark. App. 149

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-468

| | |
|---|---|
| TONY HAVNER<br><br>APPELLANT<br><br>V.<br><br>NORTHEAST ARKANSAS ELECTRIC COOPERATIVE<br><br>APPELLEE | **Opinion Delivered** March 2, 2016<br><br>APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. CV-11-397-3]<br><br>HONORABLE JOHN R. PUTMAN, JUDGE<br><br>APPEAL DISMISSED |

### WAYMOND M. BROWN, Judge

Appellant Tony Havner appeals from the Baxter County Circuit Court's order granting summary judgment to appellee Northeast Arkansas Electric Cooperative (NAEC). Appellant argues that the court erred in granting summary judgment because NAEC had a legal duty under Arkansas law to inspect, maintain, and repair the cable in question. We dismiss because appellant has failed to appeal from a final order.

Appellant was injured in a motorcycle accident in August 2011 on Highway 5 in Baxter County, Arkansas. At the time of the accident, appellant was traveling behind Tommie L. Walker III when the sickle on Walker's tractor caught a low-hanging cable strung across the road and pulled the cable down.

The cable was attached to a pole owned by NAEC pursuant to an agreement between NAEC and Rapid Acquisition Co., LLC. Appellant and his wife, Tina Havner, filed a

complaint against Walker and Walker's company, Tommie Walker Auction, Inc. (TWAI), on December 14, 2011.[1] TWAI filed a motion for summary judgment and brief in support of the motion on September 7, 2012. On September 27, 2012, appellant filed a motion to hold TWAI's summary-judgment motion in abeyance and a motion to dismiss pursuant to Arkansas Rule of Civil Procedure 41. An order was entered on October 17, 2012, granting appellant's motion and dismissing appellant's claims against TWAI without prejudice.

On April 22, 2013, appellant filed an amended complaint against Walker, NAEC, Almega Cable, Inc., KFW Communications, LLC, and John Doe entities 1–5, alleging negligence. NAEC filed an answer to appellant's amended complaint on May 24, 2013, denying the material allegations of the complaint and seeking to have it dismissed. On March 20, 2014, NAEC filed a motion for leave to file a cross-claim or, in the alternative, a third-party complaint. Appellant filed a response to the motion on April 4, 2014, requesting that it be denied. The court entered an order on April 8, 2014, granting NAEC's motion. NAEC filed a complaint on April 15, 2014, against Almega Cable, Inc., and KFW Communications, LLC, requesting contribution, indemnity, and/or allocation of fault.

NAEC filed a motion for summary judgment and an accompanying brief on April 18, 2014, contending that it owed no duty to appellant with regard to the cable lines owned by a third party. Appellant filed a response to NAEC's summary-judgment motion and responsive brief on May 6, 2014, seeking to have the motion denied. NAEC filed a reply

---

[1]Tina filed a motion to dismiss her complaint without prejudice on August 28, 2012. The court dismissed the complaint on September 5, 2012.

brief on May 13, 2014. Appellant filed a second amended complaint on July 24, 2014, adding Rapid Acquisition Co., LLC, as a defendant. NAEC filed an answer to the second amended complaint on July 25, 2014. The court filed an order on October 21, 2014, granting NAEC summary judgment.

Appellant filed a motion for entry of judgment and Rule 54(b) certificate on January 5, 2015, contending that there was no just reason for delay of the entry of a final judgment. NAEC filed a response in opposition of appellant's motion on January 12, 2015, contending that appellant had failed to establish exceptional circumstances, or a compelling and discernible hardship, that would permit him to immediately appeal the court's grant of summary judgment to NAEC. Appellant filed a reply on January 20, 2015, again asserting that there was no just reason for delaying the entry of a final judgment as to appellant's complaint against NAEC. A judgment and Rule 54(b) certificate was stamped by the circuit clerk "PRESENTED" and "RECORDED" on February 27, 2015. Appellant filed a notice of appeal on March 9, 2015.

Subject to a few exceptions not applicable in this case, Rule 2(a) of the Arkansas Rules of Appellate Procedure–Civil provides that this court has jurisdiction to review cases only where a final order has been entered.[2] Whether an order is final and appealable is a matter going to our jurisdiction; jurisdiction is an issue that we are obligated to raise on our own motion.[3] An order is final if it dismisses the parties from the court, discharges them from the

---

[2]Ark. R. App. P.–Civ. 2(a).

[3]*Dobbs v. Dobbs*, 99 Ark. App. 156, 258 S.W.3d 414 (2007).

action, or concludes their rights to the subject matter in controversy.[4] When multiple parties are involved in a lawsuit, Arkansas Rule of Civil Procedure 54(b) provides that a circuit court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties "only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." [5] Once the court makes such a determination, it must execute a certificate in compliance with the requirements of Rule 54(b).[6]

The court in this case determined that there was no just reason for delay and expressed direction for the entry of judgment. However, the judgment and Rule 54(b) certificate was never entered because it was never filed. Arkansas Supreme Court Administrative Order No. 2(b)(2) provides that the "clerk shall denote the date and time that a judgment, decree, or order is filed by stamping or otherwise marking it with the date and time and the word 'filed.' A judgment, decree, or order is entered when so stamped or marked by the clerk, irrespective or when it is recorded in the judgment record book."[7] Because the judgment and 54(b) certificate was *recorded* but never filed, it was not entered as required by our rules, and

---

[4]*Ark. Dep't of Human Servs. v. J.N.*, 96 Ark. App. 319, 241 S.W.3d 293 (2006).

[5]Ark. R. Civ. P. 54(b).

[6]*See Stauffer v. Kralicek Realty Co.*, 81 Ark. App. 89, 98 S.W.3d 475 (2003).

[7]Ark. Sup. Ct. Admin. Order No. 2(b)(2).

4

appellant has failed to appeal from a final order.[8]  Accordingly, we dismiss the appeal without prejudice for lack of a final order.

Appeal dismissed.

VAUGHT and HOOFMAN, JJ., agree.

*Rainwater, Holt & Sexton, P.A.*, by: *Thomas J. Diaz*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *James C. Baker, Jr.*, and *Kimberly D. Young*, for appellee.

---

[8]  All other pleadings in this case were stamped "FILED."