SLIP OPINION

Cite as 2016 Ark. 382

# SUPREME COURT OF ARKANSAS

No. CV–16–219

| | |
|---|---|
| TONY HAVNER<br><br>APPELLANT<br><br>V.<br><br>NORTHEAST ARKANSAS ELECTRIC COOPERATIVE<br><br>APPELLEE | Opinion Delivered: November 10, 2016<br><br>APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. 03-CV-11-397-3]<br><br>HONORABLE JOHN R. PUTMAN, JUDGE<br><br>COURT OF APPEALS OPINION VACATED; REMANDED TO THE COURT OF APPEALS FOR CONSIDERATION OF THE MERITS. |

**HOWARD W. BRILL, Chief Justice**

Appellant Tony Havner appeals an order of the Baxter County Circuit Court granting summary judgment in favor of appellee Northeast Arkansas Electric Cooperative (NAEC) in a negligence action arising from a motorcycle accident involving an overhead communications cable. We remand to the court of appeals.

Tommie Walker, who was pulling a trailer loaded with a tractor and a sickle tool, traveled south on Highway 5. Havner rode behind Walker on his motorcycle. When Walker stopped at an intersection and turned right, the sickle tool caught an overhead cable, causing the cable to hit the front of Havner's motorcycle. Havner lost control, and his motorcycle overturned. As a result of the incident, Havner sustained personal injuries and damages.

The cable was attached to a pole owned by NAEC pursuant to an agreement between NAEC and Rapid Acquisition Co., LLC, but NAEC did not own the cable. Havner and his wife, Tina Havner, filed a negligence action against NAEC and other defendants. NAEC moved for summary judgment, contending that it had no legal duty to inspect and maintain the cable that it did not own and that there was no evidence to show that it knew or should have known the condition of the cable at the time of the accident. On October 21, 2014, the circuit court granted summary judgment in favor of NAEC.

On January 5, 2015, Havner filed a motion for entry of judgment and a Rule 54(b) certificate with the circuit court. Subsequently, on February 27, 2015, the circuit court entered a judgment and Rule 54(b) certificate, and the Baxter County Circuit Clerk stamped it as "PRESENTED" and "RECORDED." On March 9, 2015, Havner filed a notice of appeal with the circuit court, and the case was submitted to the court of appeals.

Citing Arkansas Supreme Court Administrative Order No. 2(b)(2), the court of appeals held that, because the judgment and 54(b) certificate was recorded but never filed, it was not entered as required by court rules. *Havner v. Ne. Ark. Elec. Coop.*, 2016 Ark. App. 149. Accordingly, the court of appeals dismissed Havner's appeal without prejudice for lack of a final order. *Id.* On March 14, 2016, Havner filed a petition for review with this court. We granted the petition on April 21, 2016.

We address the threshold issue whether the circuit court's summary-judgment order was a final, appealable order. In *In re Administrative Order No. 2(b)(2)*, 2016 Ark. 172 (per curiam), we noted specifically that "the clerk in Baxter County adopted a procedure in

February 2015 in which the official county file mark is 'presented' and 'recorded.'" After reviewing the procedure in Baxter County and other counties, we stated,

> It appears that these marks were the default marks generated by software programs that were sold to the counties and that the clerks there failed to change the marks to "filed," or to otherwise mark orders as "filed." . . . Pursuant to this court's authority to exercise superintending control over all courts, *see* Ark. Const. amend. 80, § 4, we deem as "filed," and, therefore, entered, all judgments, decrees, and orders marked "recorded," or "presented" and "recorded," for the period beginning May 1, 2013, and ending April 14, 2016. Clerks in all counties are directed to comply with Administrative Order No. 2(b)(2) forthwith.

In light of our April 14, 2016 per curiam, we vacate the court of appeals opinion, *Havner*, 2016 Ark. App. 149, and remand Havner's appeal to the court of appeals for consideration of the merits.

Court of appeals opinion vacated; remanded to the court of appeals for consideration of the merits.

*Rainwater, Holt & Sexton, P.A.*, by: *Thomas J. Diaz*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *James C. Baker, Jr.*, and *Kimberly D. Young*, for appellee.