WAYMOND M. BROWN, Judge
Appellants Lakeside Nursing and Rehabilitation Center, Inc., and others[1] (collectively "Lakeside") appeal from the Craighead County Circuit Court's order denying its motion to compel arbitration of claims brought against it by appellees Lourindia Rufkahr and Tiana Haley as power of attorney for and on behalf of Billie Jean Haley. We affirm.[2]
Appellees were made power of attorney of Billie Jean Haley on October 9, 2009. There was a second power of attorney signed on December 5, 2013. Billie Jean was admitted into Lakeside Nursing Center on October 27, 2014, via an admission agreement. There was also a "Resident and Facility Arbitration Agreement" signed that day. The agreement stated in pertinent part:
This Arbitration Agreement ("Agreement") is executed by and between _____________________("Facility") and _________________________ ("Resident") in conjunction with an agreement for admission and for the provision of nursing facility services (the "Resident Admission Agreement") by the facility to the Resident. The Facility and Resident are collectively referred to herein as the "Parties." This Agreement is binding on and inures to the benefit of the Facility, the Resident and their successors, heirs, executors, administrations or assigns and survives the lives or existence of the Parties.
*463 1. The Parties acknowledge that this Agreement is executed in conjunction with the Resident Admission Agreement and hereby stipulates that it evidences a transaction in interstate commerce governed by the Federal Arbitration Act.
2. The Parties understand and agree that all claims, disputes, demands and controversies arising out of, in connection with or relating to any way to the validity, interpretation, or performance of the Resident Admission Agreement, or any service or health care provided by the Facility to the Resident, including any and all claims for equitable relief or claims based on contract, tort, statute, warranty, or any alleged breach, default, negligence, wantonness, fraud, misrepresentation, suppression of facto or inducement ("Claims"), shall be resolved by the fullest extent permitted by federal law exclusively by binding arbitration and not by a lawsuit or resort to court process. This includes all Claims of the Resident and all Claims of the Facility[.]
3. The Parties hereby agree and stipulate that this Agreement shall be exclusively governed by and interpreted under the Federal Arbitration Act, 9 U.S.C. Sections 1 - 16 ("FAA") to the exclusion of any inconsistent state laws. It is the Parties' specified intent that all Claims (including tort claims) be resolved exclusively through binding arbitration and, in order to effectuate this intent, the Parties hereby agree and stipulate that this Agreement shall be exclusively governed by and interpreted under the FAA.
4. Arbitration may be initiated by any party or its successors, heirs, executors, administrators or assigns by sending written notice to the other party, either by personal delivery or by the use of the United States mail or other commercial delivery service, or its intention to arbitrate a Claim or Claims. The notice must set forth a description of the Claim or Claims to be arbitrated.
....
11. The Parties hereby agree and understand that this Agreement is not a condition of admission or continued stay of the Resident at the Facility. Each party has the right to consult with an attorney, at their own expense, concerning the Agreement. Further, the Resident may rescind the Agreement by giving the Facility written notice within thirty days of signing the Agreement. If not rescinded within thirty days, the Agreement shall remain in effect for all care and services subsequently rendered at the Facility, even if such care and services are rendered following the Resident's discharge and readmission to the Facility.
12. This Agreement is an election to resolve Claims by arbitration rather than judicial process. The Parties understand that the rules applicable to arbitrations and the rights of the parties in arbitration differ from the rules and rights applicable in court. IT IS UNDERSTOOD THAT THE PARTIES (BOTH RESIDENT AND FACILITY) ARE GIVING UP AND WAIVING THEIR CONSTITUTIONAL RIGHT TO A JURY TRIAL, OR TRIAL BEFORE A JUDGE, IN COURT FOR ANY CLAIM THEY MIGHT HAVE AGAINST THE OTHER PARTY. FURTHER, THE PARTIES (BOTH RESIDENT AND FACILITY) WAIVE ANY RIGHTS TO AN APPEAL FROM A DECISION OR AWARD OF DAMAGES IN ARBITRATION.
13. This Agreement shall not limit the Resident's right to file a grievance or complaint, formal or informal, pursuant to federal or state laws or regulations *464 governing nursing home facilities with the Facility or any appropriate state or federal agency or requesting an inspection pursuant to federal or state laws or regulations governing nursing facilities.
14. This Agreement shall inure to the benefit of, and bind, the Parties and their successors, heirs, executors, administrators or assigns. With regard to the Facility, this includes any agents, employees and /or servants of the Facility. With regard to the Resident, this included all person whose Claim is derived through or on behalf of the Resident, including that of any spouse, child, parent, guardian, executor, administrator, legal representative or heir of the Resident.
15. In the event any person executes this Agreement on behalf of the Resident, said person hereby represents and warrants that he/she is a person duly authorized by the Resident to execute this Agreement and accepts its terms on behalf of the Resident.
THE UNDERSIGNED CERTIFIES THAT HE/SHE HAS READ THE AGREEMENT, UNDERSTANDS ITS CONTENTS, HAS RECEIVED A COPY OF THE AGREEMENT AND THAT HE/SHE IS THE RESIDENT OR A PERSON DULY AUTHORIZED BY THE RESIDENT OR OTHERWISE TO EXECUTE THIS AGREEMENT AND ACCEPT ITS TERMS.
Date: 10-27-14 Signature Printed Name X Billie Jean Haley ___________________ Resident X L. Rufkahr POA ___________________ Person authorized to execute this Agreement on behalf of Resident Linda Nerrira ___________________ Authorized Representative of Facility
Billie Jean remained in Lakeside from October 27, 2014, to May 20, 2015.
On November 8, 2016, appellees filed a complaint against Lakeside alleging negligence and medical malpractice. Lakeside filed an answer on December 12, 2016, denying the material allegations of the complaint and indicating that the action was covered by the arbitration agreement. Lakeside filed a motion to compel arbitration and a brief in support of the motion on August 18, 2017. Appellees filed a response and a brief in response to Lakeside's motion to compel on October 2, 2017, denying the essential allegations of the motion. Lakeside filed a reply on October 9, 2017.
A hearing on Lakeside's motion to compel arbitration took place on March 5, 2018. The court denied Lakeside's motion orally at the conclusion of the hearing. An order was entered on April 6, 2016, stating in pertinent part:
2. Defendants have the burden on their motion to compel arbitration.
3. That the arbitration agreement in this case does not identify the parties to the agreement and is, therefore, not enforceable.
4. That even if the Court were to assume that Separate Defendant Lakeside Nursing and Rehabilitation Center, Inc. is a party to the agreement, the arbitration agreement is not sufficiently broad *465 enough to include the other named Defendants. The Court finds that such language could have easily been included to address the other entities. The Court finds that the Plaintiff had no involvement in the preparation of the purported arbitration agreement.
5. Even if the arbitration agreement was valid as to one or more of the Defendants, the mere recitation of the Federal Arbitration Act jurisdiction in the agreement is insufficient.
6. A question for the Court still exists regarding the issue of interstate commerce as it relates to the care of the patient.
7. The fact that Lakeside Nursing and Rehabilitation Center, Inc. is subject to federal regulations and involved with federal money is not sufficient to convince the Court that Plaintiff's care by one or more of the Defendants evidences a transaction involving interstate commerce.
8. Defendants have failed to meet their burden on their motion to compel arbitration and it is denied.
Lakeside filed a timely notice of appeal on May 2, 2018. This appeal followed.
Lakeside argues that that court erred in determining that (1) the FAA did not apply to the parties' arbitration agreement, (2) the parties to the arbitration agreement were not identifiable, and (3) the arbitration agreement did not apply to nonsignatories. We address Lakeside's second point first.
An order denying a motion to compel arbitration is an immediately appealable order.[3] This court reviews an order denying arbitration de novo on the record.[4] In reviewing an arbitration agreement courts look to state contract law to determine whether the parties' agreement to arbitrate is valid.[5] Arbitration agreements are simply a matter of contract between the parties, and any dispute is a matter of contract construction.[6] The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally; thus, this court will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself.[7] The construction and legal effect of a written contract to arbitrate are to be determined by this court as a matter of law.[8] Although we are not bound by the trial court's decision, in the absence of showing that the trial court erred in its interpretation of the law, the trial court's decision will be accepted as correct on appeal.[9] The essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation.[10]
Lakeside's argument challenging the court's finding that the parties to the arbitration agreement were not identifiable is as follows:
The Circuit Court's finding that the Arbitration Agreement "does not identify the parties to the agreement and is, therefore, not enforceable" is clear error.
*466 Although the blanks for "Facility" and "Resident" on the first page of the Arbitration Agreement were not filled in, it is apparent that the "Resident" is Billie Jean Haley and the "Facility" is Lakeside. There is no dispute that the Arbitration Agreement was executed in connection with Billie Jean Haley's admission to Lakeside. Similarly, there is no dispute that Lourinda Rufkhar [sic] signed the Arbitration Agreement as Ms. Haley's Power of Attorney and that a representative of Lakeside signed on behalf of the facility. The Admission Agreement, which was executed on the same date, lists Lakeside as the "Facility" and identifies Billie Jean Haley as the "Resident." The parties are identifiable, and their agreement to arbitrate should be enforced.
Lakeside has failed to cite us to any authority to explain how the admission agreement can satisfy the missing party in the arbitration agreement when the admission agreement was not incorporated into the arbitration agreement. Our appellate courts will not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority.[11] Therefore, we affirm this point.
Because we have affirmed the court's finding that the arbitration agreement is unenforceable due to the parties not being identifiable, we need not address Lakeside's other two points on appeal.
Affirmed.
Gladwin and Murphy, JJ., agree.

Extendi-Care, Inc., RHC Operations, Inc., and Reliance Health Care, Inc. However, we note that there is no indication that appellant Extendi-Care played any role in the motion to compel arbitration.

This case was orally argued before this court on February 13, 2019.

Ark. R. App. P.-Civ. 2(a)(12).

Alltel v. Rosenow , 2014 Ark. 375, 2014 WL 4656609.

GGNSC Holdings, LLC v. Lamb , 2016 Ark. 101, 487 S.W.3d 348.

Courtyard Gardens Health & Rehab., LLC v. Quarles , 2013 Ark. 228, 428 S.W.3d 437.

Id.

Id.

Diamante v. Dye , 2013 Ark. App. 630, 430 S.W.3d 196.

GGNSC Holdings, supra.

Mann v. Pierce , 2016 Ark. 418, 505 S.W.3d 150.