Cite as 2026 Ark. App. 95

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-24-843

|  |  |
|---|---|
|  | Opinion Delivered February 11, 2026 |
| ROBINSON NURSING & REHABILITATION CENTER, INC.; CENTRAL ARKANSAS NURSING CENTERS, INC.; TRINITY COURT, INC.; AND MICHAEL MORTON | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CV-22-2389] |
| APPELLANTS | HONORABLE LATONYA HONORABLE, JUDGE |
| V. |  |
| RICK GRANT, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY ETTA WALKER, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF MARY ETTA WALKER |  |
| APPELLEE |  |
|  | AFFIRMED |

## KENNETH S. HIXSON, Judge

This is an interlocutory appeal concerning the denial of a motion to compel arbitration.[1]  The appellants are Robinson Nursing & Rehabilitation Center, Inc. (Robinson); Central Arkansas Nursing Centers, Inc.; Trinity Court, Inc.; and Michael

---

[1]Our jurisdiction to hear the appeal is pursuant to Rule 12(a)(2) of the Arkansas Rules of Appellate Procedure–Civil and Ark. Code Ann. § 16-108-228(a)(1) (Repl. 2016), whereby an interlocutory appeal from an order denying a motion to compel arbitration is permitted.

Morton. The appellee is Rick Grant, as personal representative of the estate of Mary Etta Walker, deceased, and on behalf of the wrongful death beneficiaries of Mary Etta Walker. For the following reasons, we affirm the trial court's order denying appellants' motion to compel arbitration.

Mary Etta Walker was admitted to Robinson on July 1, 2019. In connection with her admission, Mary's son, Rick Grant, signed an admission agreement and an arbitration agreement, which was part of the admission agreement. Signing the arbitration agreement was a condition of admission,[2] and it provided that any claims, disputes, or controversies arising out of the admission agreement or any service or health care provided by the facility shall be resolved exclusively by binding arbitration. Mary was a resident of Robinson until her death on May 8, 2021.

On April 13, 2022, Rick Grant, as personal representative of Mary's estate, filed a lawsuit against appellants asserting claims of negligence and medical negligence for the injuries to, and wrongful death of, Mary. The complaint alleged that during Mary's residency at Robinson, Mary suffered numerous injuries resulting from repeated falls as well as dehydration and severe weight loss, which led to Mary's premature death.

On May 5, 2022, appellants filed an answer wherein they denied the allegations in the complaint and asserted the existence of an arbitration agreement as a defense. On July

---

[2]We note that our recent holding in *Hickory Heights Health & Rehab, LLC v. Watson*, 2025 Ark. App. 133, 707 S.W.3d 499, has no application to this case because that case involved a federal regulation that was not yet in effect when Rick signed the admission documents.

24, 2024, appellants filed a motion to compel arbitration.[3]  In their motion, appellants contended that the admission agreement and arbitration agreement signed by Rick were signed pursuant to a durable power of attorney and that it bound Mary and her estate to the arbitration agreement.  Appellants attached to their motion the admission agreement that contained the arbitration agreement as well as a power of attorney executed by Mary in favor of Rick.

The admission agreement identifies Robinson as "the Facility," Mary as the "Resident," and Rick[4] as "the Resident's Responsible Party."  The admission agreement provides that the Resident's Responsible Party "is the Resident's legal guardian, if one has been appointed, the Resident's attorney-in-fact, if the Resident has executed a power of attorney, or some other individual or family member who agrees to assist the Facility in providing for the Resident's health, care, and maintenance."  The arbitration agreement is denominated "Section 6" of the admission agreement.  The arbitration agreement identifies Robinson as "the Facility" and Rick as "the Resident's Responsible Party."  However, in the arbitration agreement, Mary is not identified as the Resident; the line for "undersigned Resident" is left blank, and Mary's name does not appear in the arbitration agreement.  The

---

[3]On the same day, the appellants also filed a separate motion to stay the proceedings until resolution of a class-action suit involving numerous other former residents of Robinson and Robinson's attempt to enforce the same arbitration agreement that was pending in another division of the Pulaski County Circuit Court.  The trial court denied appellants' motion to stay, and this is not at issue on appeal.

[4]In both the admission agreement and the arbitration agreement, Rick is identified as "Ricky Grant."

3

arbitration agreement is signed by Rick as the "Responsible Party" and states that his "Relationship to Resident" is "Son/POA." The arbitration agreement contains a space to mark—indicating to be checked if applicable—providing that "A copy of my guardianship papers, durable power of attorney or other documentation has been provided to the Facility and is attached," and that designated space is checked.

Mary executed the power of attorney appointing Rick as her "health care agent" on September 28, 2007.[5] The power of attorney was styled "Durable Power of Attorney for Health Care" and authorized Rick to make decisions regarding all matters relating to Mary's health care. The power of attorney also provided that Rick had the authority to "authorize [Mary's] admission to or discharge from (including transfer to another facility) any hospital, hospice, nursing home, adult home, or other medical care facility, and to execute any releases or other documents that may be required to do so." The power of attorney further authorized Rick to "contract on [Mary's] behalf for any health care related service or facility, without incurring personal financial liability for such contracts."

On July 26, 2024, Rick Grant, as personal representative of Mary's estate, filed a response to appellants' motion to compel arbitration. Rick argued that although the admission agreement identifies Mary as the intended resident, the arbitration agreement

---

[5]The power of attorney states, "The authority of my health care agent is effective when my primary physician determines I am incapable of making informed decisions regarding my health care." On July 1, 2019—the day Mary was admitted to Robinson—a "Capacity Verification" was signed by a physician, Kyle, and a Robinson representative stating that Mary lacked the capacity to understand the nature of her medical condition and the consequences of treatment decisions due to dementia.

4

does not identify her as the resident or a party to the arbitration agreement. Rick also argued that the scope of his power of attorney did not include the authority to bind Mary to arbitration. Finally, Rick asserted that he signed the arbitration agreement as the resident's "Son/POA," which he claimed created an ambiguity in the capacity in which he signed, rendering the arbitration agreement unenforceable. For these reasons, Rick argued that there was no valid agreement to arbitrate and that appellants' motion to compel arbitration should be denied.

On September 6, 2024, the trial court held a hearing on appellants' motion to compel arbitration. At the conclusion of the hearing, the trial court stated that it would deny the motion. The trial court announced from the bench:

> The defendants' motion to compel arbitration is denied. . . . The court finds . . . one, that the arbitration agreement is, in fact, a separate agreement and would require Ms. Walker's name to be contained in that agreement in order for her to be bound by it. The signature block on that arbitration agreement ["Son/POA"] from section six should be construed against the drafter. And as a result of that, along with the durable power of attorney, I find that it is not sufficient to bind Ms. Walker to arbitration because there was not specific authority granted to enter into binding arbitration.

On September 11, 2024, the trial court entered an order denying the motion to compel arbitration for the following reasons:

a. The Arbitration Agreement considered in this matter is a separate and distinct contract from the Admission Agreement and the Arbitration Agreement fails to identify Mary Walker;

b. The Court finds that there is an ambiguity in how the Arbitration Agreement was signed by Ricky Grant; either as a son or power of attorney, and is unenforceable; and/or

5

c.    The limited healthcare power of attorney signed by Mary Walker fails to grant the authority to Ricky Grant to enter into a binding Arbitration Agreement.

Appellants timely appealed from the order denying their motion to compel arbitration. On appeal, appellants argue that the trial court erred because Mary is the "Resident" identified in the arbitration agreement; the arbitration agreement establishes that Rick was acting as Mary's attorney-in-fact; and Rick's power of attorney included the authority to execute the arbitration agreement.

The essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation. *Alltel Corp. v. Sumner*, 360 Ark. 573, 203 S.W.3d 77 (2005). When a court is asked to compel arbitration, it is limited to deciding two threshold questions: (1) whether there is a valid agreement to arbitrate between the parties and, (2) if such an agreement exists, whether the dispute falls within its scope. *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119.

We review a trial court's order denying a motion to compel arbitration de novo on the record. *Innisfree Health & Rehab, LLC v. Titus*, 2021 Ark. App. 403, 636 S.W.3d 781. Arbitration is simply a matter of contract between parties. *Id.* Whether a dispute should be submitted to arbitration is a matter of contract construction, and we look to the language of the contract that contains the agreement to arbitrate and apply state-law principles. *Id.* The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally; thus, we will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. *Id.* The construction and legal effect of an agreement to

6

arbitrate are to be determined by this court as a matter of law. *Id.* We are also guided by the legal principle that contractual agreements are construed against the drafter. *Carter v. Four Seasons Funding Corp.*, 351 Ark. 637, 97 S.W.3d 387 (2003).

Generally, the terms of an arbitration contract do not apply to those who are not parties to the contract. *Bigge Crane & Rigging Co. v. Entergy Ark., Inc.*, 2015 Ark. 58, 457 S.W.3d 265. In Arkansas, the presumption is that parties contract only for themselves; thus, a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties. *Elsner v. Farmers Ins. Group, Inc.*, 364 Ark. 393, 220 S.W.3d 633 (2005).

For their first argument on appeal, appellants contend that the trial court erred in denying their motion to compel on the basis that Mary was not identified in the arbitration agreement. Appellants argue that Mary was effectively identified as the "Resident" in the arbitration agreement because she was identified as the "Resident" in the admission agreement. The arbitration agreement states that it is entered into "in conjunction with the Admission Agreement and operates as part therof." The admission agreement contains the provision, "This Agreement, including the arbitration agreement . . . represents the entire agreement between the parties." Appellants argue that it is clear that the arbitration agreement was intended to be a part of the admission agreement and that the trial court erred in treating them as separate and distinct contracts. Citing *Sloop v. Kiker*, 2016 Ark. App. 125, 484 S.W.3d 696, appellants assert that when two contracts are executed contemporaneously by the same parties in the course of the same transaction, they should

7

be considered as one contract for purposes of contract interpretation and should be construed together. Appellants argue that Mary is plainly identified as the "Resident" on the first page of the admission agreement, and she is clearly the intended "Resident" referenced throughout the admission agreement, including the arbitration agreement in section 6. Appellants claim that there is no legitimate dispute as to the identity of the parties and that the admission agreement and arbitration agreement should be enforced according to their terms. For the following reasons, we disagree with appellants' argument.

A similar situation occurred in *Lakeside Nursing & Rehabilitation Center, Inc. v. Rufkahr*, 2019 Ark. App. 142, 572 S.W.3d 461. In *Lakeside*, appellee Lourindia Rufkahr had a power of attorney over Billie Jean Haley, who was admitted to the appellant nursing home and later died, resulting in a lawsuit against the nursing home. The admission agreement executed contemporaneously with the arbitration agreement identified Billie as the "Resident." However, the arbitration agreement, which provided that it was executed "in conjunction with an agreement of admission," did not identify Billie as the resident, and the space for "Resident" in the arbitration agreement was left blank. Rufkahr signed the arbitration agreement as the power of attorney on behalf of the "Resident." The trial court denied the nursing home's motion to compel arbitration, and on appeal the nursing home argued:

> The Circuit Court's finding that the Arbitration Agreement "does not identify the parties to the agreement and is, therefore, not enforceable" is clear error. Although the blanks for "Facility" and "Resident" on the first page of the Arbitration Agreement were not filled in, it is apparent that the "Resident" is Billie Jean Haley and the "Facility" is Lakeside. There is no dispute that the Arbitration Agreement was executed in connection with Billie Jean Haley's admission to Lakeside. Similarly, there is no dispute that Lourinda Rufkhar [sic] signed the Arbitration Agreement as Ms. Haley's Power of Attorney and that a representative of Lakeside signed on behalf

8

of the facility. The Admission Agreement, which was executed on the same date, lists Lakeside as the "Facility" and identifies Billie Jean Haley as the "Resident." The parties are identifiable, and their agreement to arbitrate should be enforced.

*Rufkahr*, 2019 Ark. App. 142, at 7, 572 S.W.3d at 465–66. This court rejected the nursing home's argument and stated that the nursing home had "failed to cite us to any authority to explain how the admission agreement can satisfy the missing party in the arbitration agreement when the admission agreement was not incorporated into the arbitration agreement." *Id.* at 7, 572 S.W.3d at 466. Thus, in *Rufkahr*, we affirmed the trial court's finding that the arbitration agreement was unenforceable because the parties were not identifiable.

In the present case, as in *Rufkahr*, it is undisputed that Mary is not identified as the "Resident" in the arbitration agreement. And, as in *Rufkahr*, the admission agreement does not provide that it is incorporated into the arbitration agreement. The arbitration agreement, designated as section 6 of the admission agreement, contains spaces for inserting the identities of the "Facility," "undersigned Resident," and "Resident's Responsible Party." It also contains signature blocks and has the following language:

> Signing this arbitration agreement, as part of the admission agreement, is a condition of admission. Once signed, this arbitration agreement governs the resolution of claims.

On a motion to compel arbitration, the proponent of the arbitration agreement has the burden of proving the essential elements of an enforceable arbitration agreement. *Altice USA, Inc. v. City of Gurdon*, 2024 Ark. App. 228, 688 S.W.3d 441. Our laws require that if uncertainty or ambiguity exists within the terms of a contract or if it is susceptible to more

9

than one reasonable construction, then the court must construe the contract most strongly against the party who drafted it. *Price v. Willbanks*, 2009 Ark. App. 849, 374 S.W.3d 28. In *Sherwood Nursing Rehabilitation Center, Inc. v. Cazort*, 2022 Ark. App. 65, 642 S.W.3d 214, we stated that the absence of the identity of the "Resident" in an arbitration agreement creates ambiguity in the identity of the parties.

Construing the arbitration agreement most strongly against appellants, we affirm the trial court's finding that the arbitration agreement is unenforceable because it fails to identify Mary as the "Resident." Although the arbitration agreement does provide that it operates as part of the admission agreement, for the arbitration agreement to be effective in the first place it must have been validly executed on behalf of Mary, and Mary's name appears nowhere in the arbitration agreement. Appellants' argument that we must consider the two contracts—the admission agreement and the arbitration agreement—together, presupposes that both contracts were validly executed on Mary's behalf. We hold that appellants failed in their burden to prove that the arbitration agreement was executed on Mary's behalf because she is not identified therein, and we reject appellants' argument that Mary was deemed identified in the arbitration agreement because she was identified in the admission agreement.

Appellants' remaining arguments are that, contrary to the trial court's findings, the arbitration agreement establishes that Rick was acting as Mary's attorney-in-fact, and Rick's power of attorney included the authority to execute the arbitration agreement. Because we have affirmed the trial court's finding that the arbitration agreement is unenforceable

10

because the parties are not identifiable, we need not address appellants' two other points on appeal.

Affirmed.

WOOD and BROWN, JJ., agree.

*Hardin, Jesson & Terry, PLC*, by: *Kynda Almefty*, *Carol Ricketts*, and *Kirkman T. Dougherty*, for appellants.

*Appellate Solutions, PLLC*, by: *Deborah Truby Riordan*; and *Rainwater, Holt & Sexton, P.A.*, by: *Jeff R. Priebe* and *Patrick Lee*, for appellee.